Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001082
11-AUG-2015
09:28 AM

NO. CAAP-14-0001082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PARJIANA RAZAVI,
Plaintiff-Appellant,
v.
PUALANI ESTATES AT KONA COMMUNITY ASSOCIATION,
HAWAIIANA MANAGEMENT COMPANY, LTD.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-513K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Parjiana Razavi (**Razavi**) appeals from an April 17, 2015 "Final Judgment" of the Circuit Court of the Third Circuit[1] (**circuit court**).

On appeal, Razavi contends:

(1) the circuit court erred in granting Defendants-Appellees Pualani Estates at Kona Community Association and Hawaiiana Management Company, Ltd.'s (together, **Pualani Estates**) Motion to Enforce Settlement Agreement filed August 27, 2013 (**Pualani Estates' Motion to Enforce**) because the record establishes that the July 7, 2011 Mutual Release Agreement (**Settlement Agreement**) was entered into under coercion and duress and was not voluntary;

(2) alternatively, if the Settlement Agreement was voluntary, the circuit court erred in denying Razavi's December

---

[1]     The Honorable Ronald Ibarra presided.

19, 2012 "Motion to Enforce Settlement Agreement and For Award of Costs" and/or granting Pualani Estates' Motion to Enforce because Razavi complied with the Settlement Agreement, or, at the least fact issues precluded granting either motion; and

(3) the circuit court abused its discretion in awarding Pualani Estates its attorney fees and costs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Razavi's appeal is without merit.

(1) The circuit court did not grant Pualani Estates' first Motion to Enforce dated July 27, 2011 and filed August 2, 2011. The parties' subsequent settlement on August 26, 2011, and related entry of the "Stipulation to Dismiss All Parties and All Claims With Prejudice and Order" on August 29, 2011, superceded the July 7, 2011 Settlement Agreement and rendered Pualani Estates' first Motion to Enforce moot.

(2) At an evidentiary hearing held May 9, 2013, the circuit court ruled in favor of Pualani Estates on the one factual issue in dispute, whether Razavi had complied with the terms of the Settlement Agreement requiring the walls fronting her property be "removed, rebuilt, reconstructed and/or otherwise remodeled to conform to the engineering plans of Witcher Engineering LLP dated May 15, 2006[.]"[2] A finding of fact will not be overturned on appeal unless, "despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Minton v. Quintal, 131 Hawai'i 167, 184, 317 P.3d 1, 18 (2013).

The evidence admitted during the evidentiary hearing supports the circuit court's factual finding that Razavi did not comply with the Witcher Plan as required by the Settlement Agreement. Both Razavi and Witcher, who appeared as an expert witness, testified the Witcher Plan provided that the walls

---

[2] Witcher Engineering LLP is owned by Bruce Witcher (**Witcher**) and prepared the Engineer's Findings Report (**Witcher's Plan**).

fronting the property had to be 18 inches, 18 inches, 21 inches, and 18 inches in height, respectively, at the four points shown in the plan. Witcher testified that if a contractor used the Witcher Plan to build a wall in conformance, the front wall would be 18 inches high as shown on the plan. Both Razavi and Witcher testified the walls as currently built exceed those measurements. Witcher further testified the walls as currently built were not in strict conformance with the Witcher Plan "[b]ecause to be in strict conformance, you would have the exact elevations that are on this plan." Finally, the Settlement Agreement at paragraph 4.f. provides that Pualani Estates would "pay the remaining sum of $4,000.00 to [Razavi] once the walls fronting the Property are *determined by [Pualani Estates] to be in conformance* with the engineering plans of Witcher Engineering LLP dated May 15, 2006." (Emphasis in original.)

There was no dispute that the Settlement Agreement specifically required the walls be "removed, rebuilt, reconstructed and/or otherwise remodeled to conform to the [Witcher Plan]," and that they "must be rebuilt in accordance with the [Witcher Plan]." There is no dispute that the Witcher Plan specifically provides the height of the front walls at the four described points be 18 inches, 18 inches, 21 inches, and 18 inches tall. There was no dispute that the walls as currently built exceeded this height. And there was no dispute that Razavi has failed to remove, rebuild, reconstruct, or otherwise remodel her front walls to reduce their height to those specified in the Witcher Plan.

Because the circuit court had ruled following the evidentiary hearing that Razavi did not conform her walls to the Witcher Plan, it also properly granted Pualani Estates' Motion to Enforce.

(3) The circuit court granted an award of reasonable attorneys' fees to Pualani Estates pursuant to both Hawaii Revised Statutes (HRS) §§ 421J-10 (2004 Repl.) and 607-14 (Supp. 2014). HRS chapter 421J governs Planned Community Associations and provides that "[a]ll costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association

3

for . . ., [e]nforcing any provision of the association documents . . . against a member . . . shall be promptly paid on demand to the association by such person or persons[.]" HRS § 421J-10(a). Section 421J-10(a) further provides "[i]f a member is not the prevailing party in any court action against an association . . . to enforce any provision of the association documents or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by the association shall be awarded to the association[.]"

Therefore,

IT IS HEREBY ORDERED that the April 17, 2015 "Final "Judgment" of the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 11, 2015.

On the briefs:

Rebecca A. Copeland
for Plaintiff-Appellant.

Jason M. Tani
Daniel M. Chen
Lisa Strandtman
(Rush Moore)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge